## United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | CR08-1466-GW ✔ - CR08-1467-GW |
| **Defendant** | 2. Joe Inthisone | **Social Security No.** | 6  9  9  0 |
| akas: | | | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 11 | 19 | 09 |

**COUNSEL**  ✔ WITH COUNSEL   Steve Escovar, Appointed
(Name of Counsel)

**PLEA**  ✔ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**  There being a finding/verdict of ✔ **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**18 U.S.C. § 1344(1): BANK FRAUD, 18 U.S.C. § 1028A: AGGRAVATED IDENTITY THEFT as charged in the Indictment in Case No. CR 08-1466-GW and 18 U.S.C. § 1029(b)(2): CONSPIRACY as charged in the First Superseding Indictment in Case No. CR 08-1467-GW.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **Seventy-Five (75) Months.**

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately.

It is ordered that the defendant shall pay a combined restitution in the total amount of $537,973.69 as to Cases Nos. CR08-1466 and CR08-1467 pursuant to 18 U.S.C. § 3663A.

Defendant shall pay restitution in the total amount of $537,973.69 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $500 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

The defendant shall be held jointly and severally liable with co-participants, Jose Inthisone, Viet Nguyen, Kyle Kongchan, and Huy Tran, for the amount of restitution ordered in this judgment as it applies to each of the separately files Indictments. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

The defendant shall comply with General Order No. 01-05.

USA vs.   2. Joe Inthisone                                                                     Docket No.:   **CR08-1466-GW** ✔ **- CR 08-1467-GW**

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

## CR08-01466

As to Docket No. CR08-01466, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Joe Inthisone, is hereby committed on counts three, four, five and fifteen of the 21-Count Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 75 months. This term consists of 51 months on each of counts three, four, and five, plus a mandatory minimum and consecutive term of 24 months as to count 15.

## CR08-01467(A)

As to Docket No. CR08-01467(A), pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Joe Inthisone, is hereby committed on count one of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months, the statutory maximum penalty.

The total term of imprisonment for both cases is **75 months.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions. As to Docket No. CR08-01466, this term consists of three years on each of counts three, four, and five; and one year as to count 15; such terms to run concurrently. As to Docket No. CR08-01467(A), the defendant shall be placed on supervised release for a term of three years as to count one such term to run concurrently to the term of supervised release imposed in Docket No. CR08-01466, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

7. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Officer;

| USA vs. | 2. Joe Inthisone | Docket No.: | CR08-1466-GW ✔ - CR 08-1467-GW |
|---|---|---|---|

8. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer;

9. The defendant shall apply monies in excess of $500 received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

10. Defendant shall possess or use computers, computer-related devices, screen/user names, passwords, email accounts, and Internet Service Providers (ISPs) only within the scope of his employment or as otherwise approved by the Probation office for personal use. After obtaining the Probation Office's approval for possession or use of a particular computer, computer-related device, screen/user name, password, e-mail account, or ISP, defendant need not obtain approval for subsequent use of that particular item;

11. Computer and computer-related devices include personal computers, personal data assistants (PDAs), Internet appliances, electronic games, cellular telephones, and computer storage media, as well as peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, other computers, or similar media;

12. Upon commencing supervised release, defendant shall disclose to the Probation Office any computers, computer related devices, screen/user names, passwords, email accounts, and Internet Service Providers (ISPs) to which defendant is provided access in connection with defendant's employment. Defendant shall immediately report any changes in defendant's employment affecting defendant's access and/or use of computers, computer-related devices, screen/user names, passwords, email accounts, and Internet Service Providers (ISPs);

13. All computers, computer-related devices, computer storage media, and peripheral equipment used by defendant shall be subject to search, seizure (including unannounced seizure for the purpose of search), and the installation of search and/or monitoring software and/or hardware. Nothing in this condition shall be construed to preclude the Probation Office from obtaining consent for search, seizure, and the installation of search and/or monitoring software and/or hardware from defendant's employer, or to grant defendant standing to object to any search, seizure, or monitoring measures to which defendant's employer consents. Defendant shall pay the cost of computer monitoring in an amount not to exceed $30 per month per device connected to the Internet; and

14. Except for routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications, defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on any computers, computer-related devices, or peripheral equipment approved for defendant's personal use without the prior approval of the Probation Office. Nor shall defendant hide or encrypt files or data. Further, defendant shall, as requested by the Probation Office, provide all billing records, including telephone, cable, Internet, satellite, and similar records.

15. The defendant may not associate with anyone known to him to be a gang member or persons associated with the Brothers Together gang, with the exception of his family members. He may not knowingly wear, display, use or possess any Brothers Together gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing, which evidences affiliation with the Brothers Together gang, and may not knowingly display any Brothers Together signs or gestures;

16. As directed by the Probation Officer, the defendant shall not be present in any area known to him to

| USA vs. | **2. Joe Inthisone** | Docket No.: | **CR08-1466-GW ✔ - CR 08-1467-GW** |
|---|---|---|---|

        be a location where members of the Brothers Together gang meet and/or assemble; and

17.    The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court recommends, but does not order, that defendant (1) be placed in a 500-hour drug program while incarcerated; and (2) serve his term at a Federal Facility in Southern California.

The Government's request to dismiss the remaining counts in CR 08-1466-GW, the remaining counts and the underlying indictment in CR 08-1467-GW, is **granted.**

The Court advises defendant of his rights to an appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| November 24, 2009 | | _/s/ George H. W[signature]_ |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                                                Terry Nafisi, Clerk

| November 24, 2009 | By | /S/ Javier Gonzalez |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | 2. Joe Inthisone | Docket No.: | CR08-1466-GW ✔ - CR 08-1467-GW |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

   1. Special assessments pursuant to 18 U.S.C. §3013;
   2. Restitution, in this sequence:
      Private victims (individual and corporate),
      Providers of compensation to private victims,
      The United States as victim;
   3. Fine;
   4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
   5. Other penalties and costs.

| USA vs. **2. Joe Inthisone** | Docket No.: **CR08-1466-GW ✔ - CR 08-1467-GW** |
|---|---|

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                    Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date              Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

| | |
|---|---|
| USA vs.  **2. Joe Inthisone** | Docket No.:  **CR08-1466-GW ✔ - CR 08-1467-GW** |

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
        Defendant                                                               Date

_____     _____
U. S. Probation Officer/Designated Witness              Date